UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS L. WOODS,**

    **Plaintiff,**                                              Case No. 17-cv-10489

    v.                                                                    District Judge Mark A. Goldsmith

**Wayne County Assistant Prosecutors**           Magistrate Judge Mona K. Majzoub
**KHALID NAJAR and MELISSA PALEPU,**
**SGT. MATTHEW LARABELL, and**
**20th District Court Judge MARK PLAWECKI,**
**individually and in their official capacities,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Curtis L. Woods, a Michigan prisoner proceeding *pro se*, filed the present complaint against Wayne County Assistant Prosecutors Khalid Najar and Melissa Palepu, Sgt. Matthew Larabell of the Dearborn Police Department, and 20th District Court Judge Mark Plawecki. (Docket no. 1.) Plaintiff alleges that the circumstances of his arrest, detention, initial appearance, and arraignment violated his rights under the Fourth and Fourteenth Amendments. Pursuant to 42 U.S.C. § 1983, Plaintiff seeks $40.5 million in damages arising from the alleged violations. Plaintiff also filed a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (Docket no. 12.)

Defendants Najar and Palepu filed a motion to dismiss pursuant to Rule 12(b)(6), contending that Plaintiff's claims are barred by res judicata, that the claims improperly seek relief that would invalidate Plaintiff's conviction, and that Najar and Palepu are protected by prosecutorial immunity. (Docket no. 20.) Defendants Larabell and Plawecki filed a motion to dismiss on similar grounds, with the additional contention that Plaintiff's claims under § 1983

are barred by the statute of limitations. (Docket no. 21.) Plaintiff has not filed a response to either motion to dismiss.

This action has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 16.)

## I.     RECOMMENDATION

For the reasons that follow, it is recommended that the Court **GRANT** Defendants' motions to dismiss (docket no. 20; docket no. 21) and **DISMISS** Plaintiff's claims in their entirety. In addition, the Court should **DENY** Plaintiff's motion for default judgment.

## II.    REPORT

### A.     Background

Plaintiff Curtis L. Woods is serving a sentence of thirty to sixty years arising from an April 2014 conviction for armed robbery. (Docket no. 21, p. 1.) Plaintiff alleges several Constitutional violations surrounding his September 20, 2013 arrest—as well as his subsequent detainment and conviction—including that he was "held for 58 hours without a warrant being issued" and that Defendants failed to file certain materials required by the Michigan Court Rules. (Docket no. 1.) Plaintiff seeks monetary damages under 42 U.S.C. § 1983.

The present claims overlap at least partially with a habeas corpus petition filed by Plaintiff pursuant to 28 U.S.C. § 2254, which was dismissed in January of 2015. (Case no. 15-10095, docket no. 5.) Moreover, Plaintiff filed at least two prior actions under § 1983, one in federal court (case no. 13-15155) and the other in state court (docket no. 20, exh. 7). The prior

§ 1983 actions raised similar issues against nearly identical defendants. Both claims were dismissed as a matter of law. (Case no. 13-15155, docket no. 52; docket no 20, exh. 7.)

**B. Analysis**

*1. Res Judicata*

Defendants assert that Plaintiff's claims have been raised in prior state and federal court actions against the same or similar defendants, and that two of the prior actions resulted in final judgments on the merits. Accordingly, Defendants contend that the present claims are barred by the doctrine of res judicata.

Res judicata bars relitigation of final judgments. Under federal common law, res judicata has four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Howe v. City of Akron*, 801 F.3d 718, 742 (6th Cir. 2015) (citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006)).

Applying this test to the present matter, Defendants fail to demonstrate that all four elements are satisfied. First, the Court observes that the present complaint raises issues not addressed in the 2013 federal court action (case no. 13-15155). For example, Plaintiff now contends that Defendants violated his Fourth Amendment rights by detaining him for fifty-eight hours before holding a probable-cause hearing, an issue which was not addressed in the 2013 action. Next, the Court notes that neither Defendant Plawecki nor Defendant Palepu were named as defendants in the 2013 action. Finally, although the present complaint is nearly identical to the one filed in the 2016 state court action, the order of dismissal in that case is silent regarding the basis of the dismissal. (Docket no. 20, exh. 7.) Accordingly, this Court is not able to

determine on the present record that the 2016 state court case resulted in a final judgment on the merits.

        *2.*      Heck v. Humphrey

Defendants next contend that to grant Plaintiff's § 1983 claims would invalidate his criminal conviction. A state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

On the basis of *Heck*, Defendants assert that Plaintiff's claims are barred unless and until the subject conviction has been overturned. Apparently anticipating this defense, Plaintiff argues in his complaint that the "*Heck v. Humphrey* doctrine does not apply." (Docket no. 1, p. 2.) Plaintiff cites *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), in support of the position that his "detention without probable cause" claim would not invalidate his subsequent conviction. (*Id.* at 2.)

On review of the Pleadings, the Court determines that Plaintiff's *Gerstein* claim does not jeopardize the validity of his conviction, and is not barred by *Heck*. Other courts considering the intersection of *Gerstein* and *Heck* have reached a similar conclusion. In particular, in *Sanders v. Detroit Police Dep't*, 490 F. App'x 771 (6th Cir. 2012), the Sixth Circuit held that the plaintiff's claim "that he was not afforded a prompt probable cause hearing" was "unaffected by *Heck*" because the claim sought "monetary damages for a constitutional violation unrelated to [the plaintiff's] ultimate conviction of the substantive offense." *Sanders*, 490 F. App'x at 773 (citing

4

*Alkire v. Irving*, 330 F.3d 802, 816 n. 10 (6th Cir.2003)). The *Sanders* court went on to observe that "in *Gerstein v. Pugh*, the case which established the right to a prompt judicial determination of probable cause following a warrantless arrest, the Supreme Court recognized that 'a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.'" *Id.* (citing *Heck*, 420 U.S. at 119).

Plaintiff's remaining claims, however, all appear to attack the validity of his conviction. Although the complaint fails to delineate individual causes of action, or the relief sought for any particular harm, Plaintiff's arguments regarding the absence or defectiveness of certain "mandatory documents" (such as the criminal complaint and search warrant) would, if proven, call into question the validity of his conviction. To the extent that it is unclear whether these claims attack the validity of Plaintiff's conviction, Plaintiff fails to allege an injury other than the conviction itself, and therefore fails to state a claim on which relief may be granted. *See Heck*, 512 U.S. at 487, n. 7 (observing that a § 1983 plaintiff "must prove not only that a search or seizure was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)").

### 3. Statute of Limitations

Defendants Larabell and Plawecki also contend that Plaintiff's § 1983 claims must be dismissed because Plaintiff filed the present complaint more than three years after the alleged injuries forming the basis of the complaint. (Docket no. 21, p. 6.)

In *Wilson v. Garcia*, 471 U.S. 261, 276–280, 105 S.Ct. 1938, 1947–1950, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations to be applied in all § 1983 actions is the state statute of limitations governing actions for personal injury.

Subsequently, in *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.), cert. denied, 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986), the Sixth Circuit held that Michigan's three year statute of limitations for personal injury claims governs § 1983 actions when the cause of action arises in Michigan.  Because Plaintiff's cause of action arose in Michigan, the applicable statute of limitations three years.  *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The limitations period begins to run when a plaintiff knew or should have known of the injury forming the basis of his complaint.  *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003).  For a § 1983 claim based on a Fourth Amendment violation, the statute of limitations begins to run on the date that the alleged violation occurred.  *See Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091, 1100, 166 L. Ed. 2d 973 (2007) (holding that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment "begins to run at the time the claimant becomes detained pursuant to legal process").

In this case, the violations alleged by Plaintiff arise out of his September 20, 2013 arrest and the submission and approval of arrest and search warrants on September 23, 2013. (Docket no. 1, pp. 6-7).  Accordingly, Plaintiff knew of or should have known of the alleged violations in September of 2013, and the present complaint—filed on February 16, 2017—falls outside of the three year statute of limitations.  Any claims surviving the Defendants' res judicata and *Heck* defenses should be dismissed on this basis.

       *4.*    *Immunity*

Because the undersigned recommends that the Court dismiss Plaintiff's complaint in its entirety based on the above defenses, a separate analysis of Defendants' immunity arguments is not warranted under the circumstances.

### C. Conclusion

For the reasons stated herein, it is recommended that the Court **GRANT** Defendants' motions to dismiss (docket no. 20; docket no. 21), **DISMISS** Plaintiff's complaint (docket no. 1), and **DISMISS** Plaintiff's motion for default judgment (docket no. 12).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 17, 2017         **s/ Mona K. Majzoub**
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  October 17, 2017        s/ Leanne Hosking
                                Case Manager