UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS L. WOODS,

    Plaintiff,

v.

KHALID NAJAR, et al,

    Defendants.
_____/

Case No. 17-cv-10489

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S RECOMMENDATION DATED
OCTOBER 17, 2017 (Dkt. 22); (2) OVERRULING PLAINTIFF'S OBJECTIONS
THERETO (Dkt. 23); (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkt. 20,
21); (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 12); (5)
DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT (Dkt. 24, 29);
AND (6) DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Mona K. Majzoub (Dkt. 22), which recommends granting Defendants' motions to dismiss (Dkts. 20, 21). Plaintiff Curtis Woods filed objections to the R&R (Dkt. 23), to which Defendants filed a response (Dkts. 25, 26). Because oral argument will not aid the decisional process, the objections to the R&R will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons set forth below, the R&R is accepted and Defendants' motions to dismiss are granted. The Court also denies Plaintiff's motion for summary judgment (Dkt. 12) and motions for relief from judgment (Dkts. 24, 29).

**I. BACKGROUND**

Plaintiff Curtis Woods is currently serving a sentence of 30 to 60 years arising from a 2014 conviction for armed robbery. He brought this suit against Defendants — Wayne County Prosecutors Khalid Najar and Melissa Palepu, Dearborn Police Sergeant Matthew Larabell, and

1

State of Michigan District Court Judge Mark Plawecki — alleging several constitutional violations surrounding his September 20, 2013 arrest, detention, initial appearance, and arraignment. He seeks monetary damages under 42 U.S.C. § 1983.

Defendants Najar and Palepu have filed a motion to dismiss (Dkt. 20), as have Defendants Larabell and Plawecki (Dkt. 21). The magistrate judge recommended that the motions be granted, as some of Woods's claims are barred under the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994). That doctrine holds that a plaintiff may not recover under § 1983 for an allegedly unconstitutional conviction or imprisonment or for other action that would render a conviction or sentence invalid, unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. The magistrate judge found that the remaining claims are all time-barred under the three-year statute of limitations.

Woods filed four objections to the magistrate judge's decision; he also filed two motions for relief from judgment under Federal Rule of Civil Procedure 60(b). Also pending is a motion for summary judgment filed by Woods before Defendants had filed a responsive pleading or motion.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in

objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

### III. ANALYSIS

Woods has purportedly raised four objections to the R&R, though three of these objections relate to issues not decided in the R&R. These objections — Woods's first three — are not permissible under the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.") (emphasis added), but the Court will address them regardless. For the reasons that follow, the objections are overruled.

Woods's first and third objections relate to the timing of Defendants' response to the complaint. Woods argues that Defendants' did not respond within the twenty-one days allowed by Federal Rule of Civil Procedure 12(a)(1), and thus that the responses were untimely. See Obj. at 1-2 (Dkt. 23). Defendants Najar and Palepu claim they waived service sometime after they were served on March 30, 2017, which entitled them to sixty days to file an answer. See Resp. to Obj. at 2-3, 4-5 (Dkt. 26). Thus, they claim, their May 11, 2017 motion was timely. Defendants Larabell and Plawecki claim that they were never properly served. See Resp. to Obj. at 3-4 (Dkt. 25).

Regardless of whether or when Defendants were served, the objections fail. Woods did not raise the issue of timeliness of the motions to dismiss in front of the magistrate judge; indeed, Woods did not file a response to the motions to dismiss at all. Thus, any objection related to the filing of the motions is waived. See Uduko, 975 F. Supp. 2d at 757. The proper time to raise this objection would have been through a motion to strike before the magistrate judge issued her

opinion; the untimeliness of the objections requires the Court to overrule them. Accordingly, Objections 1 and 3 are overruled.

Next, Woods objects to the magistrate judge's decision to deny as moot his motion for issuance of service (Dkt. 9). See Obj. at 1-2. The magistrate judge entered this denial on October 17, 2017 via a text-only order, and did so because a service order had been previously entered by Magistrate Judge R. Steven Whalen (Dkt. 10). Contrary to Woods's contention that the denial of the motion as moot constituted a deprivation of due process, the magistrate judge's action appears entirely appropriate. The order directing service signed by Magistrate Judge Whalen clearly effectuated the request made by Woods in his motion for issuance of service, although it did so without explicitly granting the motion. Because Magistrate Judge Whalen's order directed that Defendants be served, the request made by Woods was indeed moot. Accordingly, the objection is overruled.

Finally, Woods objects to the magistrate judge's use of Heck. As the magistrate judge explained, the Heck doctrine prevents a state prisoner from bringing a civil rights claim challenging his imprisonment if a finding in his favor would render his continued confinement invalid, except under certain circumstances. In her opinion, the magistrate judge found that certain of Woods's claims were barred by the Heck doctrine. See R&R at 4-5. She did agree that Woods's claim of detention without probable cause was not barred by Heck. Woods makes a generalized claim in his objection that "Heck…does not apply to plaintiff." Obj. at 2. Such a conclusory argument is insufficient to bring the magistrate judge's conclusion about Heck into question before this Court. See Fed. R. Civ. P. 72(b)(2) (requiring specific objections); see also United States v. Fowler, 819 F.3d 298, 309 (6th Cir. 2016) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient

4

for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.") (internal quotation marks omitted) (alteration in original).

However, even if it were, there was another basis for dismissal set forth by the magistrate judge: the three-year statute of limitations for § 1983 claims had expired. See R&R at 6 ("Any claims surviving the Defendants' res judicata and Heck defenses should be dismissed on [a statute of limitations] basis."). Woods has not objected to the magistrate judge's recommendation on the statute of limitations defense. Therefore, any error in that analysis is waived. See Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). In any case, the Court has reviewed the magistrate judge's statute of limitations analysis and determines that it was correct; the action was filed on February 16, 2017, which is outside the three-year limitations period that began accruing on September 23, 2013. Accordingly, regardless of any objection by Woods regarding the magistrate judge's treatment of Heck, her recommendation for dismissal based on the statute of limitations was entirely correct. Thus, the objection as to Heck is overruled.

For all of the reasons stated above, all of Woods's objections are overruled. This leaves outstanding Woods's motion for summary judgment (Dkt. 12) and his motions for relief from judgment (Dkts. 24, 29). The magistrate judge found that the motion for summary judgment should be denied, see R&R at 2, and Woods did not object to this finding. That failure to object is sufficient to justify adoption of the recommendation. See Lardie, 221 F. Supp. 2d at 807.

Further, there is no error in the magistrate judge's recommendation to deny the motion for summary judgment, even though she did not explain her reasoning. Woods claimed in his motion that he was entitled to summary judgment based on Defendants' allege failure to timely respond

5

to the lawsuit after service. The basis for that contention is Woods's unsworn statement in his motion that Defendants were served on March 30, 2017, thus justifying the filing of his motion twenty-six days later, on April 25, when no responsive pleading or motion had been filed by Defendants. But the record belies Woods's contention that the Defendants were served on March 30. The record reveals that on that date the U.S. Marshals Service received the summons, complaint, and order of this Court directing service. See 3/30/17 Acknowledgement from U.S. Marshals Service of Receipt of Service of Process Documents (Dkt. 11). Attached to the Acknowledgement were the Notices of a Lawsuit and Request to Waive Service of a Summons, which were sent to the Defendants. The record does not indicate how or when they were sent, but what is clear is that the Defendants were not served on March 30. The purpose of the notices was to give Defendants an opportunity to waive service, thus sparing the Marshal Service the time and expense of personal service. The notices gave Defendants 30 days to elect to waive. The record does not reflect any such election, although counsel for Defendants Najar and Palepu states that the waiver was executed and returned to the Marshals Service, Resp. to Obj. at 3 (Dkt. 26). The notices provided 60 days for Defendants to take some action – which would make the due date for a response a date well beyond April 25. Nor is there any return of service on the docket from the Marshals Service, which would support Defendants' statements that they were never served with the suit papers. See Resp. to Obj. at 3-4 (Dkt. 25). Thus, at the time the motion was filed, there was no legitimate basis for Woods to claim that Defendants should have been defaulted for failure to answer or move within the time allowed by law after service. His motion for summary judgment, based on that untenable foundation, is properly denied.

Regarding the motions for relief from judgment, Federal Rule of Civil Procedure 60(b) allows for such motions seeking relief from a final judgment, order, or proceeding. The Sixth

Circuit has determined that Rule 60(b) applies "only to final judgments," Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991), and that reports and recommendations are not considered final orders, United States v. Shalash, 259 Fed. Appx. 754, 760 (6th Cir. 2008). Accordingly, the Court denies the motion for relief from judgment, because they seek relief from a report and recommendation.[1]

### IV. CONCLUSION

For the above stated reasons, the R&R is accepted and Defendants' motions to dismiss are granted (Dkts. 20, 21). The Court also denies Plaintiff's motion for summary judgment (Dkt. 12) and motions for relief from judgment (Dkts. 24, 29).

SO ORDERED.

Dated: March 12, 2018  s/Mark A. Goldsmith
    Detroit, Michigan   MARK A. GOLDSMITH
                        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2018.

s/Karri Sandusky
Case Manager

---

[1] Woods has also filed a letter requesting that the motions for relief from judgment be assigned to a separate panel for review (Dkt. 30). The letter was not styled as a motion, but the Court will construe it as one regardless. The request lacks merit, because there is no panel to which the motion may be reassigned. If Woods is seeking reassignment to another judge, he has offered no explanation or authority for that request. Accordingly, the issue is waived, and the request is denied. See Fowler, 819 F.3d at 309 (6th Cir. 2016).